Telegraph v. Department of Justice    CV-95-521-M    07/01/96
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Telegraph Publishing Company, Inc.,
     Plaintiff,

     v.                                          Civil No. 95-521-M

United States Department of Justice,
     Defendant.


O R D E R


The plaintiff, Telegraph Publishing Company, Inc. ("Telegraph"), submitted a request under the Freedom of Information Act ("FOIA") for access to records related to the investigation and prosecution of three Nashua aldermen.  The Executive Office for United States Attorneys denied the request on grounds that the Privacy Act and FOIA Exemptions 6 and 7(C) prohibit release of the information.  Telegraph then filed suit seeking disclosure of the requested material.  In an order dated March 29, 1996, Magistrate Judge Muirhead granted Telegraph's motion for production of a so-called Vaughn index of the withheld documents.[1]  Presently before the court is the government's motion to vacate the magistrate judge's order.

_____

     [1] The name of the index is derived from the seminal case, Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

## I. STANDARD OF REVIEW

Because it addresses a nondispositive motion, Magistrate Judge Muirhead's March 29th order is subject to review under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993). Accordingly, this court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

## II. DISCUSSION

After filing suit seeking disclosure of the records, Telegraph moved to compel the government to compile a Vaughn index of all of the documents it refused to disclose.  The government objected to Telegraph's motion, arguing that the requested documents were categorically exempt from disclosure under FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6) & (7)(C), and, as a result, a Vaughn index was inappropriate.   The magistrate judge nevertheless granted Telegraph's motion for production of a Vaughn index:

> [T]he defendant shall prepare an index which contains a relatively detailed explanation as to the documents that have not been produced per plaintiff's request and the reasons why such production has not been made.  The index shall specifically identify the reasons why a particular exemption is applicable and shall correlate the exemption claim with the particular part of the withheld documents to which they apply.

2

<u>Telegraph Publishing Co. v. United States Dept. of Justice</u>, No. C95-521-M (D.N.H. Mar. 29, 1996) ("Order") at 11-12. The government now moves to vacate Magistrate Judge Muirhead's order on the same grounds argued previously.

## A.    FOIA Requests

The rules of law governing FOIA requests are many and complex. <u>See</u> Order at 3-6. For background purposes, it is sufficient to note that "[t]he FOIA requires government agencies to `make . . . promptly available' to any person, upon request, whatever `records' the agency possesses unless those `records' fall within any of nine listed exemptions." <u>Church of Scientology Int'l v. United States Dept. of Justice</u>, 30 F.3d 224, 228 (1st Cir. 1994) (quoting 5 U.S.C. § 552(a)(3), (b)). The policy underlying the FOIA is one of broad disclosure. Thus, the government is obligated to supply any requested record unless it can show that a specific exemption applies. <u>Maynard v. C.I.A.</u>, 986 F.2d 547, 554 (1st Cir. 1993).

## B.    Exemptions 6 and 7(C)

To support its argument that preparation of a <u>Vaughn</u> index would be inappropriate in this case, the government relies on FOIA Exemptions 6 and 7(C), both of which protect the privacy interests of individuals identified in requested records. Exemption 6, 5 U.S.C. § 552(b)(6), protects from disclosure

3

"personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Id. Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id.

By aiming to protect "unwarranted" invasions of personal privacy, both Exemptions 6 and 7(C) "call for a balancing of the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." McCutchen v. United States Dept. of Health and Human Serv., 30 F.3d 183, 185 (D.C. Cir. 1994) (internal quotation marks and citations omitted); see also Nation Magazine v. United States Customs Serv., 71 F.3d 885, 893 (D.C. Cir. 1995) ("The courts have construed [Exemption 7(C)] as permitting exemption if the privacy interest at stake outweighs the public's interest in disclosure."). But Exemption 7(C) is broader than Exemption 6 in two respects:

> First, whereas Exemption 6 requires that the invasion of privacy be "clearly unwarranted," the adverb "clearly" is omitted from Exemption 7(C). . . . Second, whereas Exemption 6 refers to disclosures that "would constitute" an invasion of privacy, Exemption 7(C) encompasses any disclosure that "could reasonably be expected to constitute" such an invasion.

4

United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 756 (1989). Therefore, Exemption 6 imposes a more stringent requirement upon a government agency seeking to justify withholding. Beck v. United States Dept. of Justice, 997 F.2d 1489, 1492 (D.C. Cir. 1993); see also United States Dept. of State v. Ray, 502 U.S. 164, 172 (1991).

### C. The Vaughn Index

When confronted with a claim that individual records fall within a statutory exemption, "courts often direct [the] government agency seeking to withhold documents to supply the opposing party and the court with a Vaughn index, which includes a general description of each document sought by the FOIA requester and explains the agency's justification for nondisclosure of each individual document or portion of a document." Church of Scientology, 30 F.3d at 228. The First Circuit has recognized a "trio of functions" served by a Vaughn index:

> It forces the government to analyze carefully any material withheld, it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, and it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court.

Church of Scientology, 30 F.3d at 228 (quoting Maynard, 986 F.2d at 557). It is for precisely these reasons that the magistrate

5

judge ordered the government to compile a <u>Vaughn</u> index of the withheld documents in this case.  Order at 10-11.


D.    **Categorical Exemptions**

In most cases in which the government claims that particular records are exempt from disclosure, the district court has the authority to compel the government to compile a <u>Vaughn</u> index of the withheld material.  If, however, the government shows that an entire <u>category</u> of documents is exempt from disclosure under FOIA requirements, a <u>Vaughn</u> index of the documents contained in that category would be inappropriate.  <u>In re Dept. of Justice</u>, 999 F.2d 1302, 1309 (8th Cir. 1993) (en banc), <u>cert. denied</u>, 114 S. Ct. 1186 (1994).  Here, the government argues that all of the requested records fall within a so-called "categorical exemption," and, as a result, the magistrate judge erred in ordering a <u>Vaughn</u> index.

When a government agency claims that requested records are protected from disclosure by Exemption 7(C), the FOIA allows the government to justify withholding on a categorical, rather than document-by-document, basis if certain preconditions are met.[2]

_____

[2] The government has not identified any cases recognizing that a categorical exemption is appropriate under Exemption 6. Given the similarities between Exemptions 7(C) and 6, a categorical exemption may, indeed, be appropriate for certain functional categories of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion or personal privacy."  5 U.S.C. § 552(b)(6). However, because the government has not met its burden of showing

<u>Reporters Committee</u>, 489 U.S. at 777; <u>In re Dept. of Justice</u>, 999 F.2d at 1308. Specifically, the government can withhold an entire category of records when the information requested "fits into a genus in which the balance characteristically tips" in favor of nondisclosure. <u>Reporters Committee</u>, 489 U.S. at 776; <u>see also</u> <u>United States Dept. of Justice v. Landano</u>, 508 U.S. 165, 177 (1993) ("[W]hen certain circumstances characteristically support an inference of [nondisclosure], the Government . . . should be able to claim exemption . . . without detailing the circumstances surrounding a particular [record]."); <u>Church of Scientology</u>, 30 F.3d at 234 ("[A] categorical approach to nondisclosure is permissible only when the government can establish that, in every case, a particular type of information may be withheld regardless of the specific surrounding circumstances.").

The government bears the burden of showing that, as to the entire category of records claimed exempt, the balance of relevant interests characteristically tips toward nondisclosure. <u>Church of Scientology</u>, 30 F.3d at 234; <u>In re Dept. of Justice</u>, 999 F.2d at 1309. When claiming that a category of records is exempt under Exemption 7(C), then, the government must demonstrate that the balance of individual privacy interests and

_____

it is entitled to a categorical exemption under Exemption 7(C), <u>see infra</u>, the court need not reach the question of whether the government is entitled to a categorical exemption under the more stringent requirements of Exemption 6.

7

the public's interest in disclosure of the category of records "characteristically tips" in favor of a finding that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

Although the government need not, by definition, justify a categorical exemption on a document-by-document basis, "there must nevertheless be some minimally sufficient showing." Curran v. United States Dept. of Justice, 813 F.2d 473, 475 (1st Cir. 1987). In order to make this showing, the government must: (1) define functional categories of documents; (2) assign the requested documents to proper categories; and (3) explain to the court how the release of each category of documents could reasonably be expected to constitute an unwarranted invasion of personal privacy. In re Dept. of Justice, 999 F.2d 1302, 1309-10; Curran, 813 F.2d at 475. "The chief characteristic of an acceptable taxonomy should be functionality — that is, the classification should be clear enough to permit a court to ascertain how each category of documents, if disclosed," would impermissibly compromise individual privacy interests. Curran, 837 F.2d at 475 (internal quotation marks omitted). Of course, the categories must not be so distinct as to "prematurely . . . let the cat out of the investigative bag." Id.

Here, the government has not yet met its burden of demonstrating that a categorical 7(C) exemption is appropriate. The government argues that the entire contents of its criminal

8

case files on three Nashua aldermen constitute a single category of records that is protected from disclosure under Exemption 7(C). This claimed exemption is so broad that to state the category is to highlight its deficiencies in light of the government's burden, as described earlier. Indeed, the exemption urged by the government "is not so much categorical as universal," at least with respect to criminal investigatory files. Landano, 508 U.S. at 175.

Closer examination reveals that the government has failed to meet its burden in a number of respects. First, the government has not attempted to define functional categories of records at all. Rather, it has chosen to define the exempt category as, essentially, all the records the plaintiff requests. But that failure is perhaps inevitable in light of the second deficiency in the government's proof: The government has, to date, provided no evidence that anyone has reviewed the requested documents in an attempt to assign them to properly constructed categories. Indeed, the supplemental declaration of Bonnie Gay, which details the burdens that a review of the requested documents would impose on the Executive Office for United States Attorneys, implies that the government has not yet reviewed the requested documents in order to determine whether any of them actually do fall into a category for which the balance characteristically tips toward nondisclosure. Gay Supp. Decl. at ¶¶ 8-13. Rather, the Gay declaration simply states, in conclusory terms, that the

"substantial" privacy interests implicated by disclosure "clearly outweigh the virtually non-existent public interest in disclosure." Gay Decl. at ¶ 19.

Given the large number and varied nature of the documents requested by Telegraph and the lack of information provided thus far by the government, the court simply cannot know whether the balance characteristically tips in favor of nondisclosure for all of the withheld documents. See Nation Magazine v. United States Customs Serv., 71 F.3d 885, 895 (D.C. Cir. 1995) ("Because the range of circumstances included in Customs' categorical rule do not `characteristically support' an inference that all material in law enforcement files which names a particular individual is exempt from disclosure to third parties [under Exemption 7(C)], a more particularized approach is required."). Accordingly, the government has not yet met its burden of demonstrating that one or several categorical exemptions is appropriate in this case.

Implicit in this conclusion is a determination that there may well exist a public interest in the disclosure of at least some of the requested records sufficient to outweigh privacy interests. Certain records may "shed[] light on [the] agency's performance of its statutory duties" and, as such, "fall[] squarely within [the FOIA's] purpose." Reporters Committee, 489 U.S. at 773. For example, the public may have a legitimate interest in knowing whether publicly released reports of an investigation were accurate or whether appropriate charging

10

decisions were made by the agency conducting the investigation. Stern v. FBI, 737 F.2d 84, 92 (D.C. Cir. 1984).

On the other hand, "[i]n some, perhaps many, instances where a third party asks if an agency has information regarding a named individual in its law enforcement files, the cognizable public interest in that information will be negligible; the requester will be seeking records about a private citizen, not agency conduct." Nation Magazine, 70 F.3d at 895. For those categories of records that "reveal[] little or nothing about an agency's own conduct," Reporters Committee, 489 U.S. at 773, a categorical exemption will be appropriate because, in the balance of private and public interests, "something, even a modest privacy interest, outweighs nothing every time." National Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989), cert. denied, 494 U.S. 1078 (1990). At this point, however, the government has offered no information that would permit the court to decide, or Telegraph to challenge, that the balance characteristically tips in favor of nondisclosure for any functional category of requested records.

## E.   Modifying the Magistrate Judge's Order

Although the court cannot infer, on the present record, that the balance of private and public interests characteristically tips in favor of nondisclosure for all requested records contained in the government's criminal investigatory files, the

11

government can likely identify more narrowly-defined categories of records that will support such an inference. Therefore, the magistrate judge's order is hereby modified to the following extent. The government is ordered to define functional categories of records, assign individual documents to the proper categories, and explain to the court why, for each category, nondisclosure is characteristically appropriate. For all of the requested documents that do not fall within a legitimate categorical exemption, the government is ordered to produce a _Vaughn_ index consistent with the March 29, 1996, order of the magistrate judge and with First Circuit precedent. _See_, _e.g._, _Church of Scientology_, 30 F.3d at 231 (stating that, although there is no set formula for a _Vaughn_ index, "to serve its purpose the listing must supply a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply").

Further, the government is ordered to submit a status report to the court within 60 days of the date of this order. The status report shall describe, in general terms, the progress the government has made towards compliance with this order and shall request such additional time, if any, the government deems _necessary_ to complete its task. At that time, the court may also order the government to immediately produce a partial _Vaughn_

12

index, describing all records it has, by that date, reviewed and not placed within an exempt category.

## III. CONCLUSION

For the reasons discussed above, the government's motion to vacate the order of the magistrate judge (document no. 17) is denied.  However, the order is modified to permit the government to identify properly-defined categorical exemptions to which it may be entitled.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

July 1, 1996

cc:  Steven M. Gordon, Esq.
     Gretchen L. Witt, Esq.
     Richard C. Gagliuso, Esq.